IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HARRY L. PEELER, M.D., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | Case No. 1:11-cv-1326-JDB-egb |
| BRITISH MEDICAL TRUST COMPANY LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On reference to this Court is Plaintiff's Motion for Default Judgment [D.E. 14] which has been referred for a report and recommendation.

### Statement of Relevant Facts

Plaintiff Dr. Harry Peeler is an 87-year old retired physician in Selmer, McNairy County, Tennessee. The Defendants are the British Medical Trust Company Ltd., Paul Freeman, Ryan Ferreira, Global Biohealth Solutions, Ltd., Daniel Bartlett, Beth M. Freeman and Carly Freeman. The individuals serve as officers or board members within either of these two companies. Each of the Defendants is alleged to be resident or domiciled in the Republic of Mauritius.[1]

Through a combination of telephone solicitations, correspondence and at least one visit to Selmer, Tennessee by Defendant Ferreira, it appears that Dr. Peeler was enticed under false pretenses by the Defendants to invest $100,000.00 into medical research. Later he refused to

---

[1] Mauritius is an island nation located off the southeastern coast of Africa some 540 miles from Madagascar.

make an additional investment of $150,000.00. Dr. Peeler requested the return of his money without success. It further appears that Defendants have absconded with Plaintiff's money.

Plaintiff has requested damages resulting in his causes of action arising from Defendants' violation of the Securities Act of 1933, violation of the Tennessee Securities Act of 1980, Sections 48-2-104 and 48-2-109 of the Tennessee Securities, common law fraud, negligent misrepresentation, civil conspiracy and in the alternative, violation of Section 47-18-104.

In order to serve the Complaint, Plaintiff obtained apostilles to serve the summonses on the Defendants in Mauritius, and service of process was finally accomplished on or about March 2, 2012. (D.E. 9) Although service of process was effected, Defendants failed to defend or otherwise appear before this Court. Entry of Default was made by the Clerk of this Court, against app Defendants, on June 28, 2012, pursuant to Rule 55(b) [D.E. 12].

## ANALYSIS

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.). Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b); *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (*citing Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller

& Kane, *Federal Practice and Procedure: Civil 2d* 2688.  Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled.  *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983).  However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

In this case, as previously stated, Defendants are in default and Entry of Default has been made.  Regarding damages, finding that the damages are of a sum certain, and pursuant to Rule 55(b)(2)(B), this Court recommends the amount of judgment to be awarded as follows: $100,000.00 plus interest and $300,000.00 in punitive damages.  The Magistrate Judge further recommends an award of attorney's fees and expenses, and finds that Plaintiff's counsel should submit an affidavit attesting to his reasonable and necessary fees and expenses.

Respectfully Submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  <u>**September 20, 2012**</u>

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**