IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|   |   |   |
|---|---|---|
| HARRY L. PEELER, M.D., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:11-cv-1326-JDB-egb |
| BRITISH MEDICAL TRUST COMPANY LTD., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On reference to this Court is Plaintiff's Motion for Preliminary Injunction [D.E. 17] which has been referred for a report and recommendation [D.E. 18].

Statement of Relevant Facts

Plaintiff Dr. Harry Peeler is an 87-year old retired physician in Selmer, McNairy County, Tennessee. The Defendants are the British Medical Trust Company Ltd., Paul Freeman, Ryan Ferreira, Global Biohealth Solutions, Ltd., Daniel Bartlett, Beth M. Freeman and Carly Freeman. The individuals serve as officers or board members within either of these two companies. Each of the Defendants is alleged to be resident or domiciled in the Republic of Mauritius.[1]

Through a combination of telephone solicitations, correspondence and at least one visit to Selmer, Tennessee by Defendant Ferreira, it appears that Dr. Peeler was enticed under false pretenses by the Defendants to invest $100,000.00 into medical research. Later he refused to

---

[1] Mauritius is an island nation located off the southeastern coast of Africa some 540 miles from Madagascar.

make an additional investment of $150,000.00. Dr. Peeler requested the return of his money without success. It further appears that Defendants have absconded with Plaintiff's money.

Plaintiff has requested damages resulting in his causes of action arising from Defendants' violation of the Securities Act of 1933, violation of the Tennessee Securities Act of 1980, Sections 48-2-104 and 48-2-109 of the Tennessee Securities, common law fraud, negligent misrepresentation, civil conspiracy and in the alternative, violation of Section 47-18-104.

Defendants failed to defend or otherwise appear before this Court, therefore Entry of Default was made by the Clerk of this Court on June 28, 2012, pursuant to Rule 55(b) [D.E. 12], and the Magistrate Judge has recommended that Default Judgment be entered [D.E. 19].

Plaintiff argues that Defendants have defrauded him of $100,000.00, that Defendants have assets in the United States, and that he seeks an injunction to prevent these assets from being transferred from within this country offshore. Our Sixth Circuit has set guidelines for a Rule 65 preliminary injunction. The standard for the issuance of a preliminary injunction in the Sixth Circuit is as follows:

> When deciding whether to issue a preliminary injunction, the district court considers the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citations omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also Leary*, 228 F.3d at 739

(stating "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

Here, the Magistrate Judge recommends that a preliminary injunction be issued. The Magistrate Judge has found Defendants to be in default and the movant would suffer irreparable injury if the money is transferred offshore. The Magistrate Judge can find no substantial harm to others. Finally, arguably, the public interest would be served by keeping the money in this country so that justice can be carried out. Given these findings, with heaviest weight placed on the first two factors, the Magistrate Judge respectfully submits that a preliminary injunction should be issued in this case.

Respectfully Submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **October 4, 2012**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**